UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA,<br><br>    Petitioner,<br><br>    v.<br><br>C. PFEIFFER, Acting Warden,<br><br>    Respondent. | Case No. 16-04287 EJD (PR)<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br><br>(Docket No. 35) |

    Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. The Court issued an order directing Respondent to file an answer showing cause why a writ of habeas corpus should not be issued. (Docket No. 21.) Respondent filed an answer. (See Docket Nos. 25 & 26.) Petitioner filed a motion for temporary restraining order ("TRO") requesting more access to the law library and that he not be transferred while his habeas case is pending. (Docket No. 35.) Respondent filed an opposition, (Docket No. 40), and Petitioner filed a reply, (Docket Nos. 43 & 44).

    First of all, to the extent that Petitioner's motion includes allegations against non-parties to this action, i.e., the law librarian and "persons acting in consent or participation with them," the motion must be DENIED. Furthermore, Petitioner's allegations involving

conditions of confinement should be brought as a civil rights actions pursuant to 42 U.S.C. § 1983.

The only remaining issue is the appropriateness of a TRO against the Warden, the only party to this action. The standard for issuing a TRO is similar to that required for a preliminary injunction. See Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J., dissenting). "A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" Lopez v. Brewer, et al., 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted) (emphasis in original).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008). In Winter, the Court rejected the Ninth Circuit's earlier approach that allowed issuance of a preliminary injunction based on the "possibility" of irreparable injury, determining that the movant must demonstrate that irreparable injury was likely to obtain a preliminary injunction. Id. at 21; see also American Trucking Association v. Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (Winter standard replaces the previous tests for preliminary injunctions that had been used in the Ninth Circuit).

Petitioner has failed to meet his burden under Winter because he cannot show that he is likely to suffer irreparable harm in the absence of a TRO. Id. As Respondent points out, Petitioner was able to file several motions in April 2017, (see Docket Nos. 34, 35, 36, 37), indicating that he has access to the library and the courts. (Docket No. 40 at 3.) Furthermore in his reply, Petitioner concedes that he has had some time in the law library "but not enough time." (Docket No. 44.) He alleges generally that the lack of access to the library has "cause[d] some damage[] and impairment to [his] case of legal courts." (Id.) However, without more specific facts, these allegations are conclusory and fail to establish a likelihood of irreparable harm such that a TRO is warranted. Accordingly,

1  Petitioner's motion is DENIED.

2     This order terminates Docket No. 35.

3     **IT IS SO ORDERED**.

4  Dated: 6/5/2017

   _____
   EDWARD J. DAVILA
   United States District Judge